UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                                                   No. 21-CR-800-LTS

ANGEL PEREDA

       Defendant.

-------------------------------------------------------x

ORDER

At the February 28, 2022, sentencing in the above-captioned matter, pursuant to 18 U.S.C. section 3664(d)(5), the Court deferred its decision regarding the restitution obligation of Defendant Angel Pereda ("Defendant"). After review of additional written submissions by the parties, the Court concluded that restitution in the above-captioned matter would be determined without a further hearing. Having carefully reviewed the written submissions by both parties, the Court now orders Defendant to pay restitution to Fidel Lira-Rodriguez (the "Buyer") in the amount of $357,557.00.

BACKGROUND

General familiarity with the facts of this case is presumed, and the Court here provides only those facts relevant to its decision. On December 27, 2021, Defendant pled guilty to one count of wire fraud, for his involvement in a scheme to provide false provenance information by wire about a painting to facilitate its sale, in violation of 18 U.S.C. section 1343. (See docket entry no. 15 at 5.) In Defendant's plea agreement with the Government, he agreed to pay $357,557.00 in restitution to the Buyer, to whom he had earlier sold other paintings of questionable provenance. (See docket entry no. 35-1 ("Plea Agreement") at 2 ("The Defendant

further agrees to make restitution in the amount of $357,557.00 to Fidel Lira-Rodriguez.").) This obligation was reviewed on the record during his plea allocution (see docket entry no 35-2 at 19 ("THE COURT: In addition, this agreement provides that you have agreed to make restitution in the amount of $357,577 to Fidel Lira Rodriguez.  Do you understand[] that, sir? THE DEFENDANT: Yes.")) and was affirmed in Defendant's sentencing submission (see docket entry no. 19 at 22 ("Restitution is mandatory pursuant to 18 U.S.C. § 3663A and shall be ordered owed to Fidel Lira-Rodriguez, who sustained a loss of $357,557.00")).  The restitution amount was calculated on the basis of the Buyer's loss from the purchase of paintings (the "Haring Paintings"), purportedly by Keith Haring, that were later determined to be worthless.  (Sent. Tr. at 23.)  However, the conduct to which Defendant allocated in support of his guilty plea was an agreement to falsify provenance paperwork for a separate painting, attributed to Jean-Michel Basquiat (the "Basquiat Painting").  (Sent. Tr. at 31 ("[GOVERNMENT]: Mr. Pereda pled guilty to falsifying the provenance paperwork for the Basquiat [Painting]. That's true. He did not allocute to something else.").)  At the February 28, 2022, sentencing hearing, Defendant did not request any changes in the pre-sentence report (docket entry no. 17), which includes information confirming the parties' restitution agreement and Defendant's obligation to pay the stated restitution to the Buyer, but instead questioned orally whether the Buyer is an appropriate recipient of restitution, in light of the limited scope of the plea.  The Court deferred the restitution determination, and the parties submitted a joint letter setting forth their respective positions as to restitution on August 29, 2022.  (Docket entry no. 35.)

DISCUSSION

Under 18 U.S.C. section 3663A, a court sentencing a defendant convicted of offenses against property under Title 18, including offenses committed "by fraud or deceit," 18 U.S.C. § 3663A(c)(1)(A)(ii) (Westlaw current through P.L. 117-177), "shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense," 18 U.S.C.A. § 3663A(a)(1) (Westlaw current through P.L. 117-177).  For purposes of this statute, a "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern."  18 U.S.C.A. § 3663A(a)(2) (Westlaw current through P.L. 117-177).

In Hughey v. United States, 495 U.S. 411 (1990), the Supreme Court determined "that the courts lacked authority, under the relevant statute[1], to order a defendant, who was charged with multiple offenses but pleaded guilty only to one, to make restitution for losses arising from related offenses to which he had not pleaded guilty." U.S. v. Oladijemi, 463 F.3d 152, 158 (2d Cir. 2006) (summarizing Hughey).  In so ruling, the Court found the language of the statute indicative of Congressional intent that "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of the restitution order," Hughey, 495 U.S. at 420, meaning that a court can order restitution "only for the loss caused by the specific conduct that is the basis of the offense of conviction." Id. at 413.

In consideration of the limitations imposed under Hughey, the Court queried the parties at sentencing as to whether the Buyer in this action, whose losses stem from the purchase,

---

[1]   The statutes have since been recodified as 18 U.S.C. sections 3663 and 3664.  This recodification does not alter the Court's analysis.

from Defendant, of the Haring Paintings now alleged to be worthless, can be entitled to court-ordered restitution in connection with Defendant's conviction for wire fraud, for which the underlying conduct proffered is an agreement to falsify provenance paperwork for the Basquiat Painting.  (See Sent. Tr. at 20-21 ("THE COURT: [I]f it is [the Government's] position that . . . the [Haring] transaction was not one that involved deception on the part of Mr. Pereda, how would you have me understand the request that I make a restitution determination that this person, who was on the other side of a scheme . . . with respect to the Basquiat, to which Mr. Pereda has pleaded to deception, is a victim of Mr. Pereda with respect to the Harings?").)

In their briefing, the Government has correctly clarified that, because the Defendant agreed to pay restitution to the Buyer in his plea agreement, the Court need not determine that the Buyer is a "victim" for purposes of the MVRA.  Under 18 U.S.C. section 3663A(a)(3), a court sentencing a defendant convicted of offenses against property under Title 18, including offenses committed "by fraud or deceit," 18 U.S.C.A. § 3663A(c)(1)(A)(ii) (Westlaw current through P.L. 117-177), "shall . . . order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 U.S.C.A. § 3663A(a)(3) (Westlaw current through P.L. 117-177).  Here, the Defendant signed a plea agreement in which he agreed to make restitution to the Buyer "in the amount of $357,577.00." (Plea Agreement at 2.)  The Court therefore finds that it has the statutory authority to impose a restitution obligation upon Defendant in favor of the Buyer.

Defendant argues that, even if the Court has the authority to order restitution, the statutory factors guiding the Court's determination counsel against imposing any amount of restitution on Defendant, despite his agreement to pay restitution in the Plea Agreement.  (See

docket entry no. 35 ("Restitution Letter") at 5 ("The criteria of 18 U.S.C.A. § 3663(a)(1)(B)(i) do not support an order of restitution.").)

In determining the amount of restitution to be paid by a defendant, a Court "shall consider (I) the amount of the loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C.A. § 3663(a)(1)(B)(i) (Westlaw current through P.L. 117-177).  As to the first factor, the Court has adopted the factual findings of the pre-sentence report, which found that the Buyer suffered a loss in the amount of $357,557.00.  (Docket entry no. 22 ¶ 74.)  As to the second factor, Defendant reports that "[he] is wholly without assets of any kind, has no financial resources or present earning ability."  (Restitution Letter at 5.)

The Second Circuit has squarely addressed this issue, and found that indigency, while excusing immediate payment of restitution, does not permanently relieve a defendant of his restitution obligation.  "While [a] defendant's present indigence precludes immediate payment of restitution, this does not excuse [the defendant] from paying restitution in the event that he has the future ability to do so.  When restitution cannot be paid immediately, the sentencing court must set a schedule of payments for the period of incarceration, supervised release, or probation." United States v. Kinlock, 174 F.3d 297, 301 (2d Cir. 1999); see also U.S. v. Battista, 575 F.3d 226, 232 (2d Cir. 2009) ("Even an indigent defendant may be subject to the duty to pay restitution when and if funds are eventually acquired.") (quotation and citation omitted).  Though Defendant does not currently report having any assets or earning ability, he remains subject to an obligation pay restitution when and if he gains the capacity to do so, as required by his plea agreement.

<u>CONCLUSION</u>

For the foregoing reasons, the Court orders the Defendant to pay restitution to Fidel Lira Rodriguez in the amount of $357,557.00. As announced on the record at Mr. Pereda's sentencing hearing, this restitution obligation is payable in installments of 10 per cent of Mr. Pereda's gross income on the 5th day of each month over the period of supervised release, to commence within 30 days after judgment imposing the restitution obligation is entered. Payments must be made to the Clerk of Court of the United States District Court for the Southern District of New York, for distribution to the Buyer. The collection of any amounts remaining unpaid after Mr. Pereda's supervised release period has concluded will be administered by the collection unit of the United States Attorney's Office, which may use the judgment collection mechanisms available under applicable law. This Order resolves docket entry no. 35.

SO ORDERED.

Dated: New York, New York  　　　　　　　　__/s/ Laura Taylor Swain_____
　　　　October 18, 2022 　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge